UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA BARRIX,

    Plaintiff,                                       Hon. Janet T. Neff

v.                                            Case No. 1:10-cv-00809

FIRST PREMIER BANK CARD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Order to Cease and Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent, construed as a Motion for Preliminary Injunction (Dkt. 17), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). The parties were heard on March 9, 2011.

I.    FACTS

Plaintiff's underlying pro se Complaint is one page in length and is not a model of clarity. The Court sought clarification on the record. Plaintiff apparently alleges that Defendant violated the Fair Debt Collection Practices Act and certain Federal Deposit Insurance Corporation regulations by the following: 1) making misrepresentations regarding opening account balance and opening fees, overcharging fees and imposing excessive interest and penalties; 2) use of intimidation over the telephone by calling before the payment due date on the account; and, 3) charging excessive fees.

## II. ANALYSIS

To determine whether a preliminary injunction should issue, the Court must weigh four factors:

1) whether the moving party has demonstrated a strong likelihood of success on the merits;

2) whether the moving party will be irreparably injured absent an injunction;

3) whether issuance of the injunction will substantially injure the other interested parties (including defendant); and

4) whether the public interest would be served by the issuance of the injunction.

*Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002).

No admissible evidence has been submitted to the court regarding whether Plaintiff has any likelihood of success on the merit of her claims. Further, she has failed to demonstrate that she will be irreparably injured absent the injunctive relief requested, which is sweepingly broad and would irreparably injure the Defendant if it were granted. Finally, without knowing what the merits of Plaintiff's various allegations are, it is impossible to state whether the public interest would be served or harmed by granting the relief requested.

## III. CONCLUSION

For theses reasons, the undersigned recommends that Plaintiff's Motion for Order to Cease and Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent, construed as a Motion for Preliminary Injunction, (Dkt. 17), be denied.

Respectfully submitted,

Date:  March 21, 2011	  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).